BREAUX, C. J.
Plaintiff sues to recover 27 acres of land, worth over $2,000 he says.
He claims to have acquired the land from the sheriff and tax collector, John N. Mc-Gehee, of Washington parish, at tax sale, made May 6, 1905, for the unpaid taxes for the year 1904, assessed in the name of the heirs of C. J. Cassidy, owners.
The deed was recorded on the 4th day of June, 1906.
Plaintiff avers that Cassidy acquired the, land from the state of Louisiana by patent, dated 1860, recorded July, 1906.
He avers that Robert E. Keaton has taken possession of the land, and refuses to surrender possession.
He asks to be recognized as entitled to the possession and to be recognized as the true and lawful owner of the property.
In 1909 defendant filed a plea of res judicata as a bar to plaintiff’s action, and averred that the issues in this ease have already been decided.
Defendant also interposed the plea of no right of action.
In the first suit, filed in 1906, instituted by Mrs. Martha B. Moore against the absent heirs of Cassidy, in which a judgment was rendered' — now pleaded as res judicata — she averred that she was the owner and in possession of this land as the vendee, having acquired it in 1866, as she states, from Calvin J. Cassidy, who, as she avers, in compensation of services rendered to him by her, delivered to her land patent 8,395, issued by the state of Louisiana; that she accepted this land patent, and from that time always considered the land as hers, being the owner of the patent.
She avers that Cassidy died in 1868, leaving no heirs.
She asked for the confirmation of her title under the patent she held. She prayed for the appointment of an attorney ad hoe to represent the absent heirs of the late Calvin J. Cassidy, whose heirs were “absent and unknown.”
An attorney ad hoc was appointed. He filed an answer, and denied plaintiff's ownership.
In this case, the judge of the district court rendered judgment upon plaintiff’s petition holding that she was entitled to the land by virtue of the patent, and by virtue of the 30 years’ possession.
But, before it was signed, attorneys Miller and Gayer, as amici curiae, filed a motion asking that the judgment rendered be set aside for want of a cause of action, and because it was not grounded upon any practice or jurisprudence of the courts of this state.
They further alleged that the evidence failed to show that the plaintiff had ever been in the actual possession of the land, and that the land could not thereby be ac-I quired by the prescription of 30 years, and *510 because the land had been sold in 1905 and purchased by Jesse P. McGehee.
These attornéys as amici curia» tendered a motion to the attorney ad hoc, which the latter refused to sign.
The court ordered a new trial, and the case of Mrs. Moore against the absent heirs of Cassidy was again tried, and further evidence was taken.
At a subsequent session of the court, the district judge decided that plaintiff was the owner of the land because Cassidy had given her the patent, and because she had paid the-taxes for over 30 years, and because she had been recognized as owner, thus reinstating the judgment which he had set aside on the application of attorneys Miller and Gayer.
Plaintiff in the present suit offered the record in the case of J. Wade McGehee v. Robert E. Keaton, No. 723 of the docket of the Twenty-Sixth judicial district court.
Defendant, Keaton, then offered the record in the suit of J. W. and J. P. McGehee v. Robert E. Keaton, No. 635 of the docket of this court.
This was admitted by the court over objection.
The case was submitted for decision.
The district judge rendered judgment on the 8th day of October, 1909, sustaining the plea of res judicata.
Prom this judgment, plaintiff appeals. That is the case now before us for decision.
We are informed that the lands are wild and uncultivated, and no one ever went into actual possession.
It is also a part of the history of this case that, on September 27, 1906, the defendant, R. E. Keaton, filed suit against the plaintiffs, J. P. McGehee and J. W. McGehee, alleging that he was the owner of the land and had acquired it from Mrs. Martha B. Moore on July 21, 1906, and that these defendants the McGehees had entered upon the land, cut timber, committed other acts of trespass, and were preparing to build a house.
Keaton prayed for an injunction and for damages.
The injunction was issued.
The defendants the two McGehees (father and son) in this suit answered and averred that J. P. McGehee was the owner of the land under the tax deed issued May 6, 1906, as before stated, and duly recorded, and that he had gone into possession immediately afterward and was in possession, and it is under this tax deed that plaintiffs claim to hold the -property in controversy.
Keaton reconvened for damages and for attorney’s fees.
The plaintiff, Keaton, then moved to dismiss his suit.
The court rendered judgment in accordance with this motion, and allowed the defendant $25 attorney’s fees.
In March, 1907, J. W. McGehee and J. P. McGehee filed suit, alleging that they had been in the actual possession of the land for more than one year, and that R. E. Keaton was interfering with their possession and committing acts of trespass. They prayed for an injunction against Keaton to restrain him from interfering with their possession.
This injunction was issued
Keaton asked for a dissolution of the injunction.
Later Keaton filed an amended and a supplemental answer in which he alleged that he had been in possession of the land for more than one year, and claimed damages in the sum of $125, and asked to be recognized the lawful owner.
Again, on May 15, 1907, the case of Keaton v. McGehee was tried and testimony taken.
The court rendered judgment, rejected all demands from all sources, and, in accordance with its orders, the property was sequestered and taken charge of by the sheriff.
Judgment having been rendered against *512 both parties, plaintiff and defendant, they each appealed to the Court of Appeals.
That court held that Keaton should have been permitted to introduce evidence to prove that Mrs. Moore and Keaton had made a tender of the tax to McGehee to the end of having the tax title canceled; and to prove that the attorneys before named, Miller and Gayer, were acting as attorneys for McGehee, in the suit of Moore v. Cassidy, to which we have before referred, and that they appeared in that suit as representing the suit of McGehee.
This' being the view of the Court of Appeals, the case was remanded to the district court for another trial, which trial was held not long afterward.
Testimony was taken.
After having heard this testimony, the district judge, not having changed his opinion, held, as he had before when the appeal was taken to the Court of Appeals from his judgment, that the action was possessory, and that the evidence of title and of Mc-Gehee’s taking part in the original suit through attorneys Miller and Gayer, acting as amici curiae, was admissible; again, the Court of Appeals rejected the demands of both parties, reserving to them the right to bring a petitory action.
From this judgment, an appeal was again taken to the Court of Appeals, and the Court of Appeals rendered judgment dismissing plaintiff’s suit, condemned plaintiff to pay damages in the sum of $50, and maintained defendant in possession, and the right to bring a petitory action was left open.
It was thereafter that J. P. McGehee brought the petitory suit, which is now before us for decision, in which he alleges title under his tax deeds, and alleges that defendant, Keaton, had taken possession of the property without right. He prayed to be recognized as owner and entitled to possession.
It was to this suit that Keaton pleaded res judicata and the exception of no right of action and no authority to bring the suit.
To sustain the plea of res judicata, we will here state that defendant, Keaton, offered the record in the suit of Mrs. Moore v. Heirs of Cassidy, to which plaintiff objected as res inter alios acta, as before mentioned.
I-Ie also offered the record in the suit of J. W. McGehee and J. P. McGehee v. Keaton.
The plaintiff offered in evidence the record of the suit brought against J. W. and J. P. McGehee.
The latter objected on the ground that it was immaterial and irrelevant.
The district judge in the case before us decided in favor of defendant dismissing the suit, and plaintiff appealed.
The following note from the statement of facts is placed in juxtaposition.
The tax sale under which plaintiff claims, and from which the former owner asserts she redeemed it, is dated May 6, 1905.
It was duly recorded only June 4, 1906.
The judgment recognizing Mrs. Moore, the former owner, who said she redeemed the property, is dated March 29, 1906.
Sale by Mrs. Moore to Keaton is dated July 24, 1906, price $554.50.
To resume, this ease was twice taken up to the Court of Appeals. That court re^ manded the case to the district court on January 24, 1907.
It was tried in the district court. Another appeal was taken to the Circuit Court of Appeals. That court decided on appeal the issues presented. That was on the 9th day of June, 1908.
In these two appeals it was not intimated that the Court of Appeals was without jurisdiction. None the less, the plaintiffs in this case have brought their appeal to this court.
Here the appellee moves to dismiss the appeal on the ground that this court is without jurisdiction ratione materise.
*514 Since we wrote the foregoing statement of facts, we have become convinced that this court is without jurisdiction.
The land years ago was worth only 25 cents an acre — in 1906 — $554.50.
The land was sold in 1906 for less than $600. There is no evidence that it is worth over that amount at this time.
Only 14 months elapsed between the last appeal to the Court of Appeals to the date the appeal was brought up to this court.
In the last appeal the property involved is precisely the same that was involved in the appeals to the Court of Appeals.
Without evidence on the part of appellant — who was also appellant to the Court of Appeals (except one affidavit of an affiant, who presents the appearance of being a little optimistic about the value of the property) — the appeal was brought before this court.
This affidavit is met by a number of counter affidavits — one by the assessor, another by the sheriff and his deputy, and still another by a local banker setting forth that the property is not even of $600 in value.
The case will have to go back to the Court of Appeals, to which both parties heretofore appealed.
For reasons stated, the appeal is dismissed.
The case will be transferred to the Court of Appeals, Third Circuit, on proper application made in accordance with law. Costs to be paid by appellant.